J-A14029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHANNAN PATRICIA MCGINNISS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN HIRSCH | : | |
| | : | |
| Appellant | : | No. 3194 EDA 2022 |

Appeal from the Order Entered December 1, 2022
In the Court of Common Pleas of Bucks County Family Division at No(s):
2016DR01652

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:                **FILED JUNE 9, 2023**

Brian Hirsch ("Father") appeals *pro se* from the December 1, 2022 order[1] that granted his petition to modify support and temporarily reduced his monthly child support obligation.  Father's *pro se* brief contains substantial defects that preclude meaningful appellate review and, therefore, we dismiss this appeal.

A detailed factual and procedural history is unnecessary to our disposition.  Briefly, Father and Mother were never married and are parents to seven-year-old G.M. ("Child").  Since October 2020, Mother has had sole legal and physical custody of Child and Father has had supervised visitation on weekends.  On October 12, 2021, the trial court ordered Father to pay $352 per month in child support to Mother.  On August 17, 2022, Father filed

---

[1] The order is dated November 28, 2022, but the trial court did not docket the order until December 1, 2022.

a petition to modify his support obligation. On December 1, 2022, after a conference and a hearing, the trial court temporarily reduced Father's support obligation to $200 per month from September 2022 to January 2023 to allow him to recover from a recent injury.[2]

Father timely appealed. Both Father and the trial court complied with Pa.R.A.P. 1925.

Although Father has included 10 issues in his statement of questions presented, we are unable to review them due to the substantial defects in his brief. We, thus, are constrained to dismiss this appeal.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. **Commonwealth v. Adams**, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101. It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). "The Rules of Appellate Procedure at Pa.R.A.P. 2119 state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Commonwealth v. Martz**, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted); **see** Pa.R.A.P. 2111 (listing briefing requirements for

---

[2] During the same period, the court ordered any arrears to be calculated at 10% rather than 20%. "The net mathematical effect of this Order is that those frequent periods of time in which [Father] was in arrears on the Order, his obligation would be reduced by nearly 50% from $422 per month to $220 per month." Trial Ct. Op., dated 2/10/23, at 2.

appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted).

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Adams*, 882 A.2d at 498. As this Court has made clear, we "will not act as counsel[.]" *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018).

In his "Order(s) in Question" section, Father purports to appeal from five separate orders entered between 2020 to 2023, as well as "all previous court decisions of contempt of custody petitions from 2016-2022[.]" Father's Br. at 3. In his one-page "Statement of the Case" section, Father fails to include any citations to the record, as required by Pa.R.A.P. 2117(4). Finally, while Father has included a "Summary of Argument" section, he has failed to include an actual argument section as required by Pa.R.A.P. 2119.

Most fatal to our review, Father has failed to address each of the ten issues he raises as required by Pa.R.A.P. 2119(a). Rule 2119 provides, *inter alia*, that each issue raised should be addressed in the argument section under its own heading with discussion of relevant law as it pertains to the issues raised in the appeal. Pa.R.A.P. 2119(a). Father failed to do this and, instead, his "Summary of Argument" section consists of a myriad of grievances from 2016 to present. Father's Br. at 8-14. For instance, Father complains about prior custody orders, prior judges assigned to his case, the police department's enforcement of prior custody orders, and policies at Child's school. Further, Father devotes numerous pages to a comprehensive list of holidays and birthdays when he did not get to see Child. Notably, Father allocates only three sentences to discuss the support order that he purports to appeal. *Id.* at 14. In addition, throughout his "Summary of Argument" section, Father fails to cite or discuss any relevant legal authority. *Id.* at 8-14.

In sum, Father's violations of the Rules of Appellate Procedure preclude this Court's meaningful review. We decline to scour the record and may not develop arguments on Father's behalf. Accordingly, we are constrained to dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/9/2023</u>